Filed 7/16/21  P. v. Salcedo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ENRIQUE ARELLANO SALCEDO,<br><br>    Defendant and Appellant. | C092123<br><br>(Super. Ct. No.<br>MAN-CR-FE-2019-0013073) |

Appointed counsel for defendant Enrique Arellano Salcedo filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we will modify the judgment to correct a sentencing error and direct corrections to the abstract of judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

A police officer attempted to pull defendant over for a traffic stop.  Defendant fled, driving through stop signs and exceeding the speed limit.  He discarded a bag

1

containing methamphetamine during his attempted escape. The prosecution charged defendant with fleeing a peace officer with wanton disregard for safety (Veh. Code, § 2800.2, subd. (a); count 1), possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2), transportation and/or sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3), and misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1)).[1] The prosecution also alleged a prior prison term enhancement under section 667.5, subdivision (b) for a 2016 conviction for possession of a firearm by a felon (§ 29800, subd. (a)(1)).

Defendant pleaded no contest to counts 1 and 2 in exchange for the dismissal of the remaining counts and allegations. During the plea colloquy, the court advised defendant of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers, all of which defendant waived. Defendant agreed he had adequate time to discuss the terms of the plea agreement with defense counsel and acknowledged the consequences of the plea. After explaining the potential sentence and parole conditions, the court again confirmed with defendant that he did not want to withdraw his plea.

At the next hearing, defense counsel stated that defendant would like to withdraw his plea. The court appointed conflict counsel to represent defendant for the withdrawal of plea motion. Conflict counsel filed a motion to withdraw the plea, arguing the relationship between defendant and his former counsel had broken down such that defendant "was not in a position to make informed and complete decisions about his case." The prosecution filed an opposition brief attaching defendant's plea colloquy and argued defendant adequately understood the consequences of the plea.

---

[1]     Undesignated statutory references are to the Penal Code.

2

The court then held an evidentiary hearing in which defendant's former counsel testified. Counsel testified his investigator typically reviewed discovery with defendants, and he could not recall what he had personally reviewed with defendant. He advised defendant of his rights and defenses in the case before defendant had entered his plea, and could not remember the details of any potential conflict with defendant. On cross-examination, counsel explained defendant had been unhappy with his representation because he felt the plea offer was not fair, but that defendant understood the nature of the charges and the possible defenses.

Conflict counsel argued the court was required to conduct a *Marsden*[2] hearing regarding former defense counsel's conflict with defendant. Citing *People v. Sanchez* (2011) 53 Cal.4th 80, conflict counsel argued the court should conduct a *Marsden* hearing to evaluate "defendant's assertions of incompetence of counsel." The trial court determined that although *People v. Sanchez* was distinguishable, a *Marsden* hearing was necessary and would assist in determining whether there was a basis for the motion to withdraw the plea.

At the *Marsden* hearing, defendant expressed his dissatisfaction with his former defense counsel. Defendant's former counsel explained his experience in criminal law and disagreed with defendant's "colorful rendition" of the facts. The court observed that the relationship between the two had "broken down to the point where it [was] no longer salvageable," granted the request to relieve defense counsel, and confirmed conflict counsel's appointment as defense counsel for all purposes.

Conflict counsel submitted on the motion to withdraw the plea. The court denied the motion, saying former defense counsel had not forced defendant to accept the plea offer. The court then proceeded to sentence defendant in conformance with the plea

---

**2**     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

agreement to the midterm of two years for the fleeing a peace officer count, plus eight months (one-third the midterm) for the possession of methamphetamine for sale count. The court imposed a restitution fine of $400 (§ 1202.4, subd. (b)) and a $400 parole revocation restitution fine (§ 1202.45), which was suspended pending successful completion of parole. The abstract of judgment reflects the imposition of a $300 restitution fine and $300 parole revocation restitution fine, along with a single $40 court operations assessment (§ 1465.8) and $30 conviction assessment (Gov. Code, § 70373). Defendant filed a timely notice of appeal with a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record has revealed that after defendant was sentenced, the prosecution moved to dismiss the outstanding counts, but the trial court did not actually grant the motion or dismiss the counts as contemplated by the parties' agreement.[3] We will modify the judgment to dismiss the counts. (§ 1260; see *People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

We also have identified clerical errors in the abstract of judgment. In section 1, the date of conviction for each count is listed as October 3, 2020, although the actual date of conviction was October 3, 2019. In section 9, the abstract lists a $300 restitution fine and $300 parole revocation restitution fine, although the court orally imposed a $400

---

[3] A minute order reflects the counts were dismissed, but the oral pronouncement does not.

4

restitution fine and $400 parole revocation restitution fine.  We will direct the trial court to prepare an amended abstract of judgment to correct these errors.

## DISPOSITION

The judgment is modified to dismiss the balance of the charging document.  The trial court is directed to prepare an amended abstract of judgment to specify in section 1 that the conviction date was October 3, 2019, to specify in section 9 that the restitution fine is $400 and the parole revocation restitution fine is $400, and to forward a copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


    KRAUSE    , J.


We concur:


    MURRAY    , Acting P. J.


    RENNER    , J.